In the United States District Court
for the Southern District of Ohio
Western Division at Dayton

---

| | |
|---|---|
| Thomas Brandenburg, | |
| *On behalf of himself and those similarly situated*, | Case No. 3:16-cv-00516 |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| Cousin Vinny's Pizza, LLC, CVP17, LLC, Cousin Vinny's Pizzeria, L.L.C., Cousin Vinny's #9 LLC, Third Day Pizzeria, LLC, R&M Pizzeria, LLC, CVP014 LLC, CVP 16 LLC, CVP18 LLC, CVP19 LLC, CVP DNC LLC, CVP Royality LLC, Dough Boy Fresh LLC, CVP Dough LLC, CVP Dough 2, LLC, and Mo Rashad, | Jury Demand Endorsed Hereon |
| Defendants. | |

---

Class and Collective Action Complaint

---

## PRELIMINARY STATEMENT

1.     Thomas Brandenburg, on behalf of himself and all similarly-situated individuals, brings this action against Defendants Cousin Vinny's Pizza, LLC, CVP17, LLC, Cousin Vinny's Pizzeria, L.L.C., Cousin Vinny's #9 LLC, Third Day Pizzeria, LLC, R&M Pizzeria, LLC, CVP014 LLC, CVP 16 LLC, CVP18 LLC, CVP19 LLC, CVP DNC LLC, CVP Royality LLC, Dough Boy Fresh LLC, CVP Dough LLC, CVP Dough 2, LLC, and Mo Rashad (collectively "Defendants" or "Cousin Vinny's Pizza"). Mr. Brandenburg seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum and overtime wages as required by the Fair Labor Standards Act

("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), the Ohio Constitution, Article II, Section 34a, and O.R.C. § 4113.15.

2.     Defendants operate seventeen Cousin Vinny's Pizza restaurants as a single integrated enterprise (the "Cousin Vinny's Pizza restaurants").

3.     Defendants' restaurants are primarily in the Dayton, Ohio area, but they have also operated restaurants in the Columbus area, the Cincinnati area, Indiana, and Virginia during the relevant time period.

4.     Plaintiff worked at Defendants' Huber Heights, Ohio location as a delivery driver.

5.     Together, Defendants repeatedly violated the Fair Labor Standards Act, the Ohio Constitution, and the Ohio Minimum Fair Wage Standards Act, by improperly applying a tip credit to delivery driver wages, and by failing to adequately reimburse delivery drivers for their delivery expenses, and thereby failing to pay delivery drivers the legally mandated minimum wage for all hours worked, and minimum overtime rate for hours worked in excess of 40 per workweek.

6.     Defendants maintain a policy and practice of underpaying their delivery drivers in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Ohio Constitution, Art. II, § 34a ("Section 34a"), and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.* (the "OMFWSA"), and O.R.C. § 4113.15.

7.     Defendants maintain a policy and practice of requiring delivery drivers to spend approximately half of their time at work completing non-tipped duties inside the restaurant, but were nonetheless compensated at minimum wage minus a "tip credit."

8.     Defendants maintain a policy and practice of failing to reimburse delivery drivers for costs and expenses essential to their employment, including but not limited to automobile costs, gasoline, insurance, automobile maintenance expenses, cell phone expenses, GPS expenses, and

other job-related expenses, causing Plaintiff's and similarly situated delivery drivers' wages to fall below minimum wage.

9.    At all relevant times, Defendants have failed to take reasonable steps to ensure delivery drivers received adequate reimbursement for their automobile and other job-related expenses.

10.    All delivery drivers at the Cousin Vinny's Pizza restaurants, including Plaintiff, are subject to the same employment policies and practices, including policies and practices with respect to wages and out-of-pocket expenses.

11.    Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by Defendants.

12.    Plaintiff also brings this action on behalf of himself and similarly situated current and former delivery drivers in Ohio, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of Section 34a, the OMFWSA, and O.R.C. § 4113.15.

## JURISDICTION AND VENUE

13.    This action is brought pursuant to the FLSA, 29 U.S.C. §201, *et seq*., the Ohio Constitution Art. II, § 34a, the OMFWSA, O.R.C. § 4111, *et seq*., O.R.C. § 4113.15, and 28 U.S.C. §1331 and §1343(a)(4).

14.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

15.    This Court's jurisdiction is also predicated upon 28 U.S.C. §1367 as this Class Action Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

16.    Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed his job duties here. Furthermore, Defendants are doing and have done substantial business in the Southern District of Ohio.

## PARTIES

### Plaintiff

### Thomas Brandenburg

17.    Plaintiff Thomas Brandenburg is a citizen of the United States and resides in the Southern District of Ohio.   Further, at all times material herein Plaintiff worked within the boundaries of Southern District of Ohio.

18.    At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA, the OMFWSA, and Section 34a.

19.    Plaintiff has given written consent to join this action, a copy of which is attached to this Class Action Complaint.

### Defendants

20.    Defendants have jointly employed Plaintiff and similarly situated delivery drivers at all times relevant.

21.    Each of the Defendants had substantial control over Plaintiff and similarly situated delivery drivers' working conditions, and over the unlawful policies and practices alleged herein.

22.    Defendants are part of a single integrated enterprise.

23. At all relevant times, the Cousin Vinny's Pizza restaurants shared common management and were centrally controlled and/or owned by Mr. Rashad.

24. At all relevant times, all Defendants maintained control over labor relations at the Cousin Vinny's Pizza restaurants.

25. During all relevant times, Defendants permitted employees to transfer or be shared by and between the Cousin Vinny's Pizza restaurants without retraining.

26. Defendants suffer or permit Plaintiff and other delivery drivers to work.

27. Defendants have direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated delivery drivers.

**Cousin Vinny's Pizza, LLC**

28. Defendant Cousin Vinny's Pizza, LLC is a domestic limited liability company, with its principal place of business in Ohio. Cousin Vinny's Pizza, LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

29. Cousin Vinny's Pizza, LLC was incorporated by Mo Rashad, who also serves as Cousin Vinny's Pizza, LLC's agent.

30. Cousin Vinny's Pizza, LLC's address is 2032 Wayne Ave., Dayton, Ohio 45410.

31. Cousin Vinny's Pizza, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

32. Upon information and belief, Cousin Vinny's Pizza, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

33.     At all relevant times, Cousin Vinny's Pizza, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

34.     At all relevant times, Cousin Vinny's Pizza, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

35.     Cousin Vinny's Pizza, LLC's gross revenue exceeds $500,000 per year.

**CVP17, LLC**

36.     Defendant CVP17, LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP17, LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

37.     CVP17, LLC was incorporated by Mo Rashad, who also serves as CVP17, LLC's agent.

38.     CVP17, LLC's address is 2262 Patterson Road, Dayton, OH 45420.

39.     CVP17, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

40.     CVP17, LLC is the corporate entity that appears on Plaintiff's paystubs for work he completed for Defendants.

41.     Upon information and belief, CVP17, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

42.     At all relevant times, CVP17, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

43.     At all relevant times, CVP17, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

44.     CVP17, LLC's gross revenue exceeds $500,000 per year.

**Cousin Vinny's Pizzeria, L.L.C.**

45.     Defendant Cousin Vinny's Pizzeria, L.L.C. is a domestic limited liability company, with its principal place of business in Ohio. Cousin Vinny's Pizzeria, L.L.C. does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

46.     Cousin Vinny's Pizzeria, L.L.C. was incorporated by Mo Rashad, who also serves as Cousin Vinny's Pizzeria, L.L.C.'s agent.

47.     Cousin Vinny's Pizzeria, L.L.C.'s address is 2262 Patterson Road, Kettering, OH 45420.

48.     Cousin Vinny's Pizzeria, L.L.C. is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

49.     Upon information and belief, Cousin Vinny's Pizzeria, L.L.C. applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

50.     At all relevant times, Cousin Vinny's Pizzeria, L.L.C. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

51.     At all relevant times, Cousin Vinny's Pizzeria, L.L.C. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

52.     Cousin Vinny's Pizzeria, L.L.C.'s gross revenue exceeds $500,000 per year.

**Cousin Vinny's #9 LLC**

53.     Defendant Cousin Vinny's #9 LLC a domestic limited liability company, with its principal place of business in Ohio. Cousin Vinny's #9 LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

54.     Cousin Vinny's #9 LLC was incorporated by Mo Rashad, who also serves as Cousin Vinny's #9 LLC's agent.

55.     Cousin Vinny's #9 LLC's address is 2262 Patterson Road, Kettering, OH 45420.

56.     Cousin Vinny's #9 LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

57.     Upon information and belief, Cousin Vinny's #9 LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

58.     At all relevant times, Cousin Vinny's #9 LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

59.     At all relevant times, Cousin Vinny's #9 LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

60.     Cousin Vinny's #9 LLC's gross revenue exceeds $500,000 per year.

**Third Day Pizzeria, LLC**

61.     Defendant Third Day Pizzeria, LLC is a domestic limited liability company, with its principal place of business in Ohio. Third Day Pizzeria, LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

62.     Third Day Pizzeria, LLC was incorporated by Mo Rashad, who also serves as Third Day Pizzeria, LLC's agent.

63.     Third Day Pizzeria, LLC's address is 2262 Patterson Road, Dayton, OH 45420.

64.     Third Day Pizzeria, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

65.     Upon information and belief, Third Day Pizzeria, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

66.     At all relevant times, Third Day Pizzeria, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

67.     At all relevant times, Third Day Pizzeria, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

68.     Third Day Pizzeria, LLC's gross revenue exceeds $500,000 per year.

**R & M Pizzeria, LLC**

69.     Defendant R & M Pizzeria, LLC is a domestic limited liability company, with its principal place of business in Ohio. R & M Pizzeria, LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

70.     R & M Pizzeria, LLC was incorporated by Mo Rashad, who also serves as R & M Pizzeria, LLC's agent.

71.     R & M Pizzeria, LLC's address is 2262 Patterson Road, Dayton, OH 45420.

72.     R & M Pizzeria, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

73.     Upon information and belief, R & M Pizzeria, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

74.     At all relevant times, R & M Pizzeria, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

75.     At all relevant times, R & M Pizzeria, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

76.     R & M Pizzeria, LLC's gross revenue exceeds $500,000 per year.

**CVP014 LLC**

77.     Defendant CVP014 LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP014 LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

78.     CVP014 LLC was incorporated by Mo Rashad, who also serves as CVP014 LLC's agent.

79.     CVP014 LLC's address is 2262 Patterson Road, Dayton, OH 45420.

80.     CVP014 LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

81.     Upon information and belief, CVP014 LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

82.     At all relevant times, CVP014 LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

83.     At all relevant times, CVP014 LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

84.     CVP014 LLC's gross revenue exceeds $500,000 per year.

**CVP 16 LLC**

85.     Defendant CVP 16 LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP 16 LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

11

86.     CVP 16 LLC was incorporated by Mo Rashad, who also serves as CVP 16 LLC's agent.

87.     CVP16, LLC's address is 2262 Patterson Road, Kettering, OH 45420.

88.     CVP 16 LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

89.     Upon information and belief, CVP 16 LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

90.     At all relevant times, CVP 16 LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

91.     At all relevant times, CVP 16 LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

92.     CVP 16 LLC's gross revenue exceeds $500,000 per year.

**CVP18 LLC**

93.     Defendant CVP18 LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP18 LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

94.     CVP18 LLC was incorporated by Mo Rashad, who also serves as CVP18 LLC's agent.

95.     CVP18 LLC's address is 2262 Patterson Road, Dayton, OH 45420.

96.     CVP18 LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

97.     Upon information and belief, CVP18 LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

98.     At all relevant times, CVP18 LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

99.     At all relevant times, CVP18 LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

100.    CVP18 LLC's gross revenue exceeds $500,000 per year.

**CVP19 LLC**

101.    Defendant CVP19 LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP19 LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

102.    CVP19 LLC was incorporated by Mo Rashad, who also serves as CVP19 LLC's agent.

103.    CVP19 LLC's address is 2262 Patterson Road, Kettering, OH 45420.

104.    CVP19 LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

105. Upon information and belief, CVP19 LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

106. At all relevant times, CVP19 LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

107. At all relevant times, CVP19 LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

108. CVP19 LLC's gross revenue exceeds $500,000 per year.

**CVP DNC LLC**

109. Defendant CVP DNC LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP DNC LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

110. CVP DNC LLC was incorporated by Mo Rashad, who also serves as CVP DNC LLC's agent.

111. CVP DNC LLC's address is 2262 Patterson Road, Dayton, OH 45420.

112. CVP DNC LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

113. Upon information and belief, CVP DNC LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all

of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

114. At all relevant times, CVP DNC LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

115. At all relevant times, CVP DNC LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

116. CVP DNC LLC's gross revenue exceeds $500,000 per year.

**CVP Royality LLC**

117. Defendant CVP Royality LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP Royality LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

118. CVP Royality LLC was incorporated by Mo Rashad, who also serves as CVP Royality LLC's agent.

119. CVP Royality LLC's address is 2266 Patterson Road, Dayton, OH 45420.

120. CVP Royality LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

121. Upon information and belief, CVP Royality LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

122.    At all relevant times, CVP Royalty LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

123.    At all relevant times, CVP Royalty LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

124.    CVP Royalty LLC's gross revenue exceeds $500,000 per year.

**Dough Boy Fresh LLC**

125.    Defendant Dough Boy Fresh LLC is a domestic limited liability company, with its principal place of business in Ohio. Dough Boy Fresh LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

126.    Dough Boy Fresh LLC was incorporated by Mo Rashad, who also serves as Dough Boy Fresh LLC's agent.

127.    Dough Boy Fresh LLC's address is 2030 Wayne Ave., Dayton, Ohio 45410.

128.    Dough Boy Fresh LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

129.    Upon information and belief, Dough Boy Fresh LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

130.    At all relevant times, Dough Boy Fresh LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

131.    At all relevant times, Dough Boy Fresh LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

132.    Dough Boy Fresh LLC's gross revenue exceeds $500,000 per year.

**CVP Dough LLC**

133.    Defendant CVP Dough LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP Dough LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

134.    CVP Dough LLC was incorporated by Mo Rashad, who also serves as CVP Dough LLC's agent.

135.    CVP Dough LLC's address is 2266 Patterson Road, Dayton, OH 45420.

136.    CVP Dough LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

137.    Upon information and belief, CVP Dough LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

138.    At all relevant times, CVP Dough LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

139.    At all relevant times, CVP Dough LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

140.     CVP Dough LLC's gross revenue exceeds $500,000 per year.

**CVP Dough 2, LLC**

141.     Defendant CVP Dough 2, LLC is a domestic limited liability company, with its principal place of business in Ohio. CVP Dough 2, LLC does business as "Cousin Vinny's Pizza" in the Southern District of Ohio.

142.     CVP Dough 2, LLC was incorporated by Mo Rashad, who also serves as CVP Dough 2, LLC's agent.

143.     CVP Dough 2, LLC's address is 2266 Patterson Road, Dayton, OH 45420.

144.     CVP Dough 2, LLC is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

145.     Upon information and belief, CVP Dough 2, LLC applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

146.     At all relevant times, CVP Dough 2, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, expense reimbursements, and other practices.

147.     At all relevant times, CVP Dough 2, LLC has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

148.     CVP Dough 2, LLC's gross revenue exceeds $500,000 per year.

**Mo Rashad**

149.    Defendant Mo Rashad is the founder, owner, and operator of all of the Cousin Vinny's Pizza restaurants.

150.    Upon information and belief, Mr. Rashad resides in Dayton, Ohio.

151.    Mr. Rashad was the incorporator, agent, and authorized representative of each named corporate defendant.

152.    Upon information and belief, Mr. Rashad operates and controls the Defendant corporations from their headquarters at 2262 Patterson Road, Dayton, Ohio 45420, where most of the corporate entities are registered.

153.    At all relevant times, Mr. Rashad has been an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA, the OMFWSA, and Section 34a.

154.    At all relevant times, Mr. Rashad has been actively involved in managing the operations of the Cousin Vinny's Pizza restaurants.

155.    At all relevant times, Mr. Rashad has had control over Defendants' pay policies and the unlawful policies and practices alleged herein.

156.    At all relevant times, Mr. Rashad has had power over personnel and payroll decisions at the Cousin Vinny's Pizza restaurants.

157.    At all relevant times, Mr. Rashad has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

158.    At all times relevant, Mr. Rashad has had the power to transfer the assets and liabilities of Cousin Vinny's Pizza, including each of the named corporate defendants.

159.    At all relevant times, Mr. Rashad has had the power to declare bankruptcy on behalf of Cousin Vinny's Pizza, including each of the named corporate defendants.

160.    At all relevant times, Mr. Rashad has had the power to enter into contracts on behalf of Cousin Vinny's Pizza, including each of the named corporate defendants.

161.    At all relevant times, Mr. Rashad has had the power to close, shut down, and/or sell Cousin Vinny's Pizza, including each of the named corporate defendants.

## FACTS

### CLASSWIDE FACTUAL ALLEGATIONS

162.    During all relevant times, Defendants have operated the Cousin Vinny's Pizza restaurants.

163.    The primary function of the Cousin Vinny's Pizza restaurants is to sell pizza and other food items to customers, whether they carry out or have their food delivered.

164.    Each of the Cousin Vinny's Pizza restaurants employs delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes and workplaces.

165.    The Cousin Vinny's Pizza restaurants are typically open from 11am to 3am from Sunday through Wednesday, an 11am to 4am from Thursday through Saturday.

166.    Plaintiff and the similarly situated persons Plaintiff seeks to represent are current and former delivery drivers employed by Defendants at the Cousin Vinny's Pizza restaurants.

167.    All delivery drivers employed at the Cousin Vinny's Pizza restaurants over the last three years have had essentially the same job duties—deliver pizza and other food items to customers.

168.    When there are no deliveries to make, Defendants' delivery drivers are required to work inside the Cousin Vinny's Pizza restaurants building pizza boxes, cleaning, preparing food items, taking orders, and completing other duties inside the restaurant as necessary.

169.     Delivery drivers regularly spend half of their work time completing duties inside the store for which they cannot and do not receive tips.

170.     However, at all relevant times, Plaintiff and similarly situated delivery drivers have been paid minimum wage minus a tip credit for the hours they have spent working inside the Cousin Vinny's Pizza restaurants.

171.     Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

172.     Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cellular telephone charges, GPS capability and/or maps, and other equipment necessary for delivery drivers to complete their job duties.

173.     Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, and incurred cell phone and data charges all for the primary benefit of Defendants.

174.     At all relevant times, Plaintiff and other similarly situated delivery drivers were reimbursed a flat per delivery amount, no matter how many miles the delivery driver travelled to complete the delivery.   Throughout Plaintiff's employment, Plaintiff and similarly situated delivery drivers have been paid $1.00 per delivery.

175.     At all relevant times, Defendants have failed to pay Plaintiff and similarly situated delivery drivers the legally required minimum wage and overtime wages because they took a tip credit from delivery drivers' wages but required delivery drivers to spend more than twenty percent of their time at work in a non-tipped capacity.

176. At all relevant times, Defendants have failed to pay Plaintiff and similarly situated delivery drivers the legally required minimum wage and overtime wages because they failed to adequately reimburse them for their automobile expenses or other job-related expenses.

177. At all relevant times, Defendants have failed to take reasonable steps to ensure Plaintiff and other similarly situated delivery drivers were adequately reimbursed for automobile expenses and other job-related expenses.

178. Defendants have not attempted to reasonably approximate the automobile and other expenses incurred by Plaintiff and similarly situated delivery drivers for Defendants' benefit.

179. Defendants have not determined Plaintiff and similarly situated delivery drivers' per delivery pay based on an attempt to calculate the actual out of pocket expenses of Plaintiff and similarly situated delivery drivers.

180. Defendants have not monitored or required delivery drivers to monitor the mileage delivery drivers drove while making deliveries, the gasoline purchases made by delivery drivers, or any other out of pocket expenses incurred by delivery drivers.

181. Plaintiff and similarly situated delivery drivers were required to travel up to ten miles away from their Store to make deliveries, and typically average five miles per delivery.

182. Plaintiff and similarly situated delivery drivers typically make approximately 2-3 deliveries per hour.

183. Plaintiff and similarly situated delivery drivers regularly drive over 100 miles in a single shift.

184. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

    **a.**    2013: 56.5 cents/mile
    **b.**    2014: 56 cents/mile

      c.     2015: 57.5 cents/mile

      d.     2016: 54 cents/mile

185.    According to the American Automobile Association ("AAA"), driving costs per mile during the relevant time periods have been:

      **a.**     2013: 60.8 cents/mile

      **b.**     2014: 59.2 cents/mile

      **c.**     2015: 58 cents/mile

      d.     2016: to be determined

186.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wage and overtime wages guaranteed to them by the FLSA and Ohio law.

187.    At all relevant times, Defendants apply the same pay policies, practices, and procedures to all delivery drivers at the Cousin Vinny's Pizza restaurants.

188.    Defendants have willfully failed to pay federal and Ohio state minimum wage and overtime to Plaintiff and similarly situated delivery drivers at the Cousin Vinny's Pizza restaurants.

## PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS

189.    Consistent with their policies, patterns, and practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Thomas Brandenburg**

190.    Plaintiff worked at the Cousin Vinny's Pizza restaurant located at 5563 Old Troy Pike, Dayton, Ohio 45424 from February 2014 until November 30, 2016.

191.    Plaintiff typically worked over 40 hours per week for Defendants.

192.    As a delivery driver, Plaintiff delivers pizza and other food items to Defendants' customers' homes and businesses.

193.    When he is not making deliveries, Plaintiff works inside the restaurant, completing tasks such as taking orders, building pizza boxes, taking out trash, sweeping up the food line, mopping and sweeping, and completing other general tasks within the store.

194.    Plaintiff regularly spent more than twenty percent of his work time, and sometimes half of his work time, completing in-store duties that would not and did not generate tips.

195.    At all times during his employment, Plaintiff has been qualified to perform the essential functions of his job and has performed his duties competently.

196.    Defendants pay Plaintiff minimum wage minus a tip credit for all hours worked, whether he is making deliveries or working inside the restaurant.  Plaintiff's hourly wage rate was $5.00 per hour in 2014, received a raise to $6.00 per hour at some point in 2014, and $6.50 per hour in parts of 2015 and 2016.

197.    Plaintiff regularly drives six miles away from his Cousin Vinny's Pizza restaurant to make deliveries for Defendants. The farthest delivery destination within the Huber Heights' Cousin Vinny's location delivery zone is 7.4 miles away from the store, for a round trip of 14.8 miles.

198.    In 2014, Plaintiff and other drivers were required to make deliveries to New Carlisle, Ohio, which was 21 miles away from the store, for a round trip of 42 miles. They were supposed to receive an additional $2.00 per delivery for New Carlisle trips, but often did not receive it.

199.    Plaintiff regularly makes approximately two to three deliveries per hour during the hours he works as a delivery driver.

200.    During Plaintiff's employment with Defendants, Defendants failed to adequately reimburse Plaintiff for automobile and other job-related expenses.

201. As a result of unreimbursed automobile expenses and other job-related expenses, Defendants have failed to pay Plaintiff minimum wage as required by law.

## COLLECTIVE ACTION ALLEGATIONS

202. Plaintiff brings the First and Second Counts on behalf of himself and all similarly situated current and former delivery drivers employed at the Cousin Vinny's Pizza restaurants owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

203. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked, time-and-one-half overtime pay for hours worked in excess of 40 per workweek, and failing to reimburse delivery drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

204. Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

205. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

206. Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

207.    Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

208.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

209.    The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

210.    The FLSA Collective members are readily identifiable and ascertainable.

211.    For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and addresses are readily available from Defendants' records.

212.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

213.    Plaintiff brings the Third, Fourth, and Fifth Counts under Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> All persons who work or worked as Delivery Drivers and similar employees for Cousin Vinny's Pizza, LLC, CVP17, LLC, Cousin Vinny's Pizzeria, L.L.C., Cousin Vinny's #9 LLC, Third Day Pizzeria, LLC, R&M Pizzeria, LLC, CVP014 LLC, CVP 16 LLC, CVP18 LLC, CVP19 LLC, CVP DNC LLC, CVP Royality LLC, Dough Boy Fresh LLC, CVP Dough LLC, CVP Dough 2, LLC, and Mo Rashad in Ohio between December 23, 2013 and the date of final judgment in this matter ("Rule 23 Class").

214.    Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

215.    The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay and reimbursement for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

216.    The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

217.    There are more than 50 Rule 23 Class members.

218.    Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

219.    Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, and failing to reimburse for expenses.

220.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with OMFWSA, Section 34a, and O.R.C. § 4113.15.

221.    Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

222.    Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

223.    By seeking to represent the interests of the Rule 23 Class members, Plaintiff is exercising and intends to exercise his right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

224.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

225.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

226.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs.  The prosecution of separate actions by individual class members would create a risk of

inconsistent and/or varying adjudications with respect to the individual Rule 23 Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

227.    Upon information and belief, Defendants and other employers throughout the state violate the OMFWSA, Section 34a, and O.R.C. § 4113.15.  Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

228.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

229.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a.    Whether Defendants paid Plaintiff and the Rule 23 Class members at the proper minimum wage rate for all hours worked;

   b.    Whether Plaintiff and the Rule 23 Class members spent more than 20% of their time at work in a non-tipped capacity;

   c.    Whether Defendants failed to reimburse automobile expenses, gasoline expenses, and other job-related expenses, as described herein, causing Plaintiff and the Rule

23 Class members' wages to drop below legally allowable minimum wage and overtime;

d.   Whether Defendants properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

e.   Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15;

f.   Whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

g.   The nature and extent of class-wide injury and the measure of damages for those injuries.

## CAUSES OF ACTION

### COUNT I
**Failure to Pay Minimum Wages - Fair Labor Standards Act
(On Behalf of Plaintiff and the FLSA Collective)**

230.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

231.   Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

232.   Defendants required Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, failed to reasonably calculate the value of said expenses, and failed to adequately reimburse Plaintiff and the FLSA Collective for said expenses.

233.   By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

234. Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

235. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## COUNT II
### Failure to Pay Overtime Wages – Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

236. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

237. Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

238. Because Defendants required Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, Defendants did not pay Plaintiff and the FLSA Collective at least one and a half times their normal hourly rate for time worked in excess of forty hours per workweek.

239. By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

240. As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## COUNT III
### Failure to Pay Minimum Wages - Ohio Constitution, Article II, § 34a
### (On Behalf of Plaintiff and the Rule 23 Class)

241.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

242.    Defendants paid Plaintiff and the Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

243.    Article II § 34a of the Ohio Constitution requires that employees be paid not less than minimum wage as determined by an inflation index (currently $8.10/hour) for all hours worked.

244.    Because Defendants required Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed pay Plaintiff and the Rule 23 Class minimum wage.

245.    By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

246.    As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

## <u>COUNT IV</u>
### Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act
### (On Behalf of Plaintiff and the Rule 23 Class)

247.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

248.    Plaintiff and the Rule 23 Class worked more than forty hours in one or more workweeks.

249. Because they required Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants did not pay Plaintiff and the Rule 23 Class at least one and a half times their normal hourly rate for time worked in excess of forty hours per workweek.

250. By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

251. As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

## COUNT V
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

252. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

253. During all relevant times, Defendants were entities covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

254. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

255. Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

256.    In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

257.    As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff Thomas Brandenburg prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and his counsel to represent the collective action members.

B.    Unpaid minimum wages, overtime pay, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.    A declaratory judgment that the practices complained of herein are unlawful under Section 34a, the OMFWSA, and O.R.C. § 4113.15.

F.    An award of unpaid minimum wages, overtime wages, and unreimbursed expenses due under §34a and the OMFWSA.

G.    An award of damages under §34a, based on Defendants' failure to pay minimum wages pursuant to §34a, calculated as an additional two times of back wages.

H.    Liquidated damages under O.R.C. § 4113.15 and the OMFWSA.

I.      An award of prejudgment and post-judgment interest.

J.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K.      Such other legal and equitable relief as the Court deems appropriate.


Respectfully submitted,

 /s/ Andrew Biller
Andrew Biller (0081452)
Eric Kmetz (0092369)
Markovits, Stock & DeMarco, LLC
Easton Town Center
4200 Regent Street, Suite 200
Columbus, OH 43219
(614) 604-8759
Fax (614) 583-8107
(*abiller@msdlegal.com*)
(*ekmetz@msdlegal.com*)
www.msdlegal.com

Andrew Kimble (0093172)
Kimble Law, LLC
1675 Old Henderson Road
Columbus, OH 43220
(614) 983-0361
Fax (614) 448-9408
(*andrew@kimblelawoffice.com*)
www.kimblelawoffice.com

*Counsel for Plaintiff and the putative class*


## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.


 /s/ Andrew Biller
Andrew Biller