IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS BRANDENBURG, et al.,
　On behalf of themselves
　and those similarly situated,

　　Plaintiffs,

v.

COUSIN VINNY'S PIZZA, LLC, et al.,

　　Defendants.

:
:
:
:
:
:
:
:

Case No. 3:16-cv-516

JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL J. NEWMAN

---

DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOC. #126); DEFENDANTS SHALL PROVIDE TO PLAINTIFFS' COUNSEL NAMES AND CONTACT INFORMATION OF ALL REMAINING PUTATIVE COLLECTIVE MEMBERS WITHIN FIFTEEN DAYS OF THIS ENTRY; TELEPHONIC STATUS CONFERENCE TO BE HELD ON JANUARY 8, 2018, AT 5:15 P.M.; NEW SCHEDULING ORDER TO ISSUE SUBSEQUENT TO STATUS CONFERENCE

---

On August 15, 2017, the Court sustained the Motion to Conditionally Certify Collective Action under the Fair Labor Standards Act of 1938 ("FLSA") and Authorize Notice ("Motion for Conditional Certification"), brought by Plaintiffs, on behalf of themselves and others similarly situated (collectively "Plaintiffs"). Doc. #55 (citing Doc. #5). The Court conditionally certified the following collective: "all of Defendants' current and former delivery drivers who were employed in such a capacity at some point during or after February 23, 2014[.]" Doc. #55, PAGEID #758 (emphasis added). The Court

ordered Defendants Cousin Vinny's Pizza, LLC, Mo Rashad, and numerous limited liability corporations that operated Cousin Vinny's Pizza locations (collectively "Defendants" or "Cousin Vinny's") to "provide to Plaintiffs' counsel a computer-readable list of the names and contact information of <u>all</u> putative collective members within fifteen days of this Entry." *Id.* (emphasis added). While Defendants provided the requested information for drivers who work or worked at the approximately fifteen Cousin Vinny's locations in Ohio, they refused to do so for those drivers who work or worked at Cousin Vinny's locations in Indiana or Virginia. On November 27, 2017, Defendants filed a Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1), seeking to shield from discovery the contact information of the drivers who are or were employed at its locations in Indiana or Virginia. Doc. #126. For the reasons set forth below, Defendants' Motion for Protective Order is OVERRULED.

Defendants raise several arguments in their Motion for Protective Order, including that: (1) Cousin Vinny's locations in Indiana and Virginia are not part of a single integrated enterprise with Cousin Vinny's Ohio locations; (2) the addition of drivers from Indiana and Virginia could implicate claims arising under their respective state laws, causing confusion of issues, undue expense for the parties and inefficiency of judicial resources; (3) for some of the years at issue, revenues at the Virginia location are less than the amount necessary to subject that location to FLSA's minimum wage requirements; and (4) the Virginia drivers are not subject to FLSA as individual employees. Doc. #126, PAGEID #1058-59; Doc. #134, PAGEID #1099-1102.[1]

---

[1] Defendants devoted a substantial portion of their Motion for Protective Order to arguing that it was inappropriate to include Indiana and Virginia drivers as part of Plaintiffs' proposed <u>class action</u>. Doc. #126, PAGEID #1058, 1059-60 (citing Fed. R. Civ. P. 23(b)(3)). After Plaintiffs stated that they were only

2

Defendants argue that, in light of the above, Cousin Vinny's drivers in Indiana and Virginia are not similarly situated to the Ohio drivers. Consequently, Defendants claim, Indiana and Virginia drivers should not be permitted to join the conditionally certified collective, and Defendants need not disclose to Plaintiffs the names and contact information of those drivers. Doc. #134, PAGEID #1099-1102.

In their memorandum in opposition, Plaintiffs argue that this Court has already ruled on the suitability of including the Indiana and Virginia drivers in the conditional collective, and that the Motion for Protective Order is an impermissible attempt to relitigate the matter. Doc. #129, PAGEID #1074-75 (citing Doc. #5, PAGEID #61, 63; Doc. #55; *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014) (Marbley, J.)). The Court agrees. Both the original Complaint and Amended Complaint contained the following allegations: "Defendants operate seventeen Cousin Vinny's Pizza restaurants as a single integrated enterprise[,]" Doc. #1, ¶ 2, PAGEID #2; Doc. 28, ¶ 2, PAGEID #412; and "Defendants' restaurants are primarily in the Dayton, Ohio area, but they have also operated restaurants in the Columbus area, the Cincinnati area, Indiana, and Virginia during the relevant time period." Doc. #1, ¶ 3, PAGEID #2; Doc. #28, ¶ 3, PAGEID #412. In Answers to both the original and Amended Complaints, Defendants denied the allegation that they operated all Cousin Vinny's locations as an integrated enterprise, but admitted that Cousin Vinny's locations existed in Indiana and Virginia during the time period covered by the lawsuit. Doc. #11, ¶¶ 2-3, PAGEID #232; Doc. #33, ¶¶ 2-3, PAGEID #466. Finally, in their Motion for Conditional Certification, Plaintiffs stated that their proposed collective "consists of all delivery drivers who

---

seeking to include those drivers in their FLSA collective action, Doc. #129, PAGEID #1073 (citing Doc. #28, ¶¶ 271, 282, PAGEID #445, 446), Defendants abandoned that argument in their reply brief.

3

worked at <u>any</u> of the approximately seventeen Cousin Vinny's Pizza restaurants nationwide[.]" Doc. #5, PAGEID #63 (emphasis added).

Thus, Defendants, from the outset, knew or should have known that Plaintiffs purported to bring FLSA claims on behalf of Cousin Vinny's Indiana and Virginia drivers. Accordingly, all of the arguments Defendants raise in their Motion for Protective Order were available to them at the time Plaintiffs filed their Motion for Conditional Certification. Yet, Defendants raised none of those arguments in their memorandum in opposition; indeed, they did not articulate any difference between Ohio drivers and Indiana or Virginia drivers, such that drivers from the latter two states would not be similarly situated to Ohio drivers. Moreover, Defendants did not seek reconsideration or otherwise object to the Court's August 15, 2017, Entry, in which this Court certified a conditional collective that unambiguously includes Indiana and Virginia drivers. If Defendants wish to exclude Indiana and Virginia drivers from the collective, then they may do so at the close of discovery through a motion to decertify. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (Dlott, C.J.). However, Plaintiffs would suffer immense prejudice if the Court, four months after its Entry, were to narrow the conditional collective, and Defendants have not shown good cause that would justify such action.

Finally, in their Motion for Protective Order, Defendants argue that, due to the differences in minimum wages, length of trips, and other factors across the seventeen locations, "[t]here is no common, quantifiable impact that applies to every [collective] member." Doc. #126, PAGEID #1058. As Plaintiffs correctly note, "quantifiable impact" is a damages issue that is not relevant at this stage of litigation. Rather, it is sufficient

that Plaintiffs' theories of statutory violation—not being reimbursed for job related expenses incurred, and being paid at the tipped minimum wage rate for time spent doing non-tipped work, Doc. #28, ¶¶ 271-74, PAGEID #445—apply to all drivers at all Cousin Vinny's locations during the relevant time period. Doc. #129, PAGEID #1078-79 (citing *Swigart*, 276 F.R.D. at 213). Only after notice and discovery are complete may Defendants "file a motion to decertify the [collective] if appropriate to do so based on the individualized nature of the plaintiff[s'] claims." *Swigart*, 276 F.R.D. at 213.

For the foregoing reasons, Defendants' Motion for Protective Order, Doc. #126, is OVERRULED. Within fifteen days of this Entry, Defendants must provide to Plaintiffs' counsel a computer-readable list of the names and contact information of all putative collective members who worked at Cousin Vinny's Indiana or Virginia locations.[2]

Counsel for Plaintiffs and Defendants shall participate in a telephonic status conference with the Court on Monday, January 8, 2018, at 5:15 p.m., to schedule discovery, class certification and other dates. The Court will issue a new scheduling order shortly thereafter.

Date: January 2, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] If Defendants have not yet provided the names and contact information of any putative collective members who worked at Cousin Vinny's Ohio locations, then they must also provide such information in a computer-readable list to Plaintiffs' counsel within fifteen days of this Entry.