IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Brandenburg, *et al.*,

    Plaintiffs,

vs.

Cousin Vinny's Pizza, LLC, *et al.*,

    Defendants.

Case No. 3:16-cv-516

Judge Walter H. Rice

Magistrate Judge Michael J. Newman

Nunc protunc 11-15-17

## AGREED ORDER ON PLAINTIFFS' MOTION FOR CONTEMPT

This matter came before the Court on Plaintiffs' Motion for Contempt (Doc. 34) (the "Motion"). In an effort to discover the facts concerning the destruction of mileage-related data in Defendants' possession and in the hope that discovering such facts will help to resolve or obviate the need for resolving issues raised in the Motion, the parties have submitted this Agreed Order to the Court. For good cause shown, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion be resolved as follows by agreement of the parties:

1. The forensic IT firm hired by Defendants, Binary Intelligence, shall cease work immediately.

2. Within 7 days of the date of this Agreed Order, Plaintiffs and Defendants will jointly select and retain a new forensic IT/computer expert ("expert") to address the computer-related issues raised in Plaintiffs' Motion and related briefing. In the event that the parties are unable to agree on an expert, the parties shall present their choices to the Court, and the Court will select an expert. The Court may select one of the parties' choices or any other qualified expert.

3. The Court will supervise future discovery into the missing mileage-related data.

{K0636371.1}

4. All communications between any party (or party's counsel) and the expert shall take place jointly with counsel for Plaintiffs and Defendants present or copied (*i.e.*, no ex-parte communications), and to the extent such communications are in writing, the Court shall be copied thereon.

5. To the extent the expert believes it necessary, Defendants will permit the expert to enter their facilities in order to image and/or clone the computers and other machines that may contain delivery-related data at each of Defendants' store locations and from any Cousin Vinny's office or headquarters. These site visits will be completed outside Cousin Vinny's regular business hours and/or overnight over a series of nights, if necessary.

6. To the extent the expert believes it necessary, Defendants will provide the expert with complete access to the computers and/or other machines that may contain delivery-related data, all necessary computers, servers, hard drives, and other sources and/or repositories of data from each of its store locations and from any Cousin Vinny's office or headquarters to the expert.

7. The expert's work will be focused on the following: (1) determining the causes, circumstances, and time line related to the data deletion or destruction referenced in Plaintiffs' Motion and the related filings; (2) retrieving all data relating to deliveries completed at the each of the stores from December 23, 2013 through July 2016; (3) providing a report to the Court, and to the parties (a) stating whether the data was recoverable and, if not, why not, (b) identifying which data could be recovered and which could not, and (c) identifying the timing and causes, to the extent discernible, of any deletion or destruction of data and, in so doing, distinguishing the deleted or destroyed data that was recoverable from that which was not recoverable. The expert shall not disclose to Plaintiffs any Cousin Vinny's information not relating to payroll, employee compensation, mileage, the hack of Cousin Vinny's computer systems, the data reset of Cousin Vinny's computer systems, or other topics pertaining to Plaintiffs' claims of minimum wage violations or any other source of data loss.

8. Defendants shall pay for the services provided by the expert and all other costs and expenses related thereto.

9. The Court will decide whether attorney fees are appropriate, and if so the amount of attorney fees and costs to be awarded to Plaintiffs in connection with the matters addressed in Plaintiffs' Motion and the related filings. Within 14 days of this Order, Plaintiffs may file a motion in support of a fee award. Defendants will have 14 days to respond to that motion, and Plaintiffs will have 7 days to file a reply.

IT IS SO ORDERED.

[signature]

_____
UNITED STATES DISTRICT JUDGE

Agreed:

/s/ Andrew R. Biller
Andrew R. Biller (0081452)
Paul M. De Marco (0041153)
Andrew P. Kimble (0093172)
Markovits, Stock & De Marco LLC
3825 Edwards Road, Suite 650
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
Email: abiller@msdlegal.com
Email: pdemarco@msdlegal.com
Email: akimble@msdlegal.com

*Counsel for Plaintiffs*

/s/ Samir B. Dahman
Samir B. Dahman (0082647)
   *Trial Attorney*
Alexis V. Preskar (0095619)
Email: sbd@kjk.com; avp@kjk.com
Kohrman Jackson & Krantz LLP
10 West Broad Street, Suite 1900
Columbus, OH 43215
Tel: 614.427.5750
Fax: 216.621.6536

Ghassan J. Deek (0096328) (admitted *pro hac vice*)
Email: gus@deeklaw.com
Deek Law, LLC
1563 E. Dorothy Lane, Suite 300F
Kettering, OH 45429
Tel: 937.270.1294
Fax: 937.343.6055

*Counsel for Defendants Cousin Vinny's Pizza, LLC, CVP17, LLC, Cousin Vinny's Pizzeria, L.L.C., Cousin Vinny's Pizza #9 LLC, Third Day Pizzeria, LLC, R&M Pizzeria, LLC, CVP014 LLC, CVP 16 LLC, CVP18 LLC, CVP19 LLC, CVP DNC LLC, CVP Royalty LLC, Dough Boy Fresh LLC, CVP Dough LLC, CVP Dough 2, LLC, MGL Pizza, LLC, CVP 10, Inc., and Mo Rashad*